SHAWN A. LUIZ (6855)
841 Bishop Street
Suite 200
Honolulu, Hawaii  96813
Telephone:  (808) 538 - 0500
Facsimile:  (808) 564 - 0010
E - mail: attorneyluiz@gmail.com

Attorney for Movant
HAWAII DISABILITY RIGHTS CENTER

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>ORI ANUENUE HALE, INC., OPPORTUNITIES AND RESOURCES, INC.; et al.,<br><br>Defendants.<br>_____ | MC No. _____<br>(Underlying Case Number: CIVIL NO. 21-00286-JMS-RT)<br><br>**HAWAII DISABILITY RIGHTS CENTER'S MOTION TO QUASH AND/OR FOR PROTECTIVE ORDER; MEMORANDUM OF LAW IN SUPPORT; DECLARATION OF LOUIS ERTESCHIK; DECLARATION OF COUNSEL; EXHIBITS 1-9; CERTIFICATE OF SERVICE**<br>Hearing:<br>Date: _____<br>Time:_____<br>Honorable Rom Trader |

**HAWAII DISABILITY RIGHTS CENTER'S MOTION TO QUASH AND/OR FOR PROTECTIVE ORDER**

1

NOW COMES Hawaii Disability Rights Center, by and through counsel of record, Shawn A. Luiz, Esq., and hereby file its Motion to Quash and/or For Protective Order as follows:

This Motion is brought pursuant to Federal Rules of Civil Procedure Rule 45, and Local Rules, 7.1-7.5, and 7.8, the attached Memorandum of Law in Support; the Declaration of Louis Erteschik; the Declaration of Counsel; and Exhibits 1-9.

In June of 2021, the U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION (EEOC), Plaintiff, above-named, commenced this action against ORI ANUENUE HALE, INC. and OPPORTUNITIES AND RESOURCES, INC.; et al., Defendants (Defendants), above-named.

On June 6, 2023, approximately two years after the EEOC commenced this case (where HDRC is not a party to this case), Defendants served HDRC a *subpoena duces tecum* (*subpoena)* seeking fifteen categories of documents that directly related to HDRC's past services to five clients with disabilities of HDRC. Five of HDRC's clients who are identified on the *subpoena* were Complaining witnesses against Defendants in the underlying EEOC administrative action, which the EEOC is currently prosecuting (the EEOC is the named Plaintiff). Five of the other individuals identified on the subpoena were never clients of HDRC and HDRC has no records for the second group of five individuals and notified

Defendant's counsel of that fact. But for the representation of the five subject individuals who were clients of HDRC, HDRC would NOT be in possession of any of the information requested in the 15 categories. Decidedly, the information is protected from disclosure by Rule 1.6 of the Rules of Professional Conduct as no exception applies for release of the information obtained solely by the representation of the five subject individuals in the subpoena.

Importantly the only parties to the case at bar are the EEOC and Defendants. Five employees of Defendants who were also clients of HDRC never intervened in the case. HDRC never intervened in the case. That is the procedural posture of the case at bar. Defendants provided no consents for the five individuals to date, although that may happen in the future.

As will be shown below, the subpoena requests information protected by the attorney-client privilege. The requested information is also protected as confidential by federal statute and federal regulation. As such, Defendant's subpoena is objectionable in its entirety and should be quashed if the subpoena is not voluntarily withdrawn as the attorney client privilege and the duty of client confidentiality of rule 1.6 is *sacrosanct* absent any exceptions to that overriding principle which as absent in this matter.

DATED: Honolulu, Hawaii, October 5, 2023.

> <u>*/s/ Shawn A. Luiz*</u>
> SHAWN A. LUIZ
>
> Attorney for Movant
> HAWAII DISABILITY RIGHTS CENTER